A. Michael Zahare
Matthews & Zahare PC
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
Mike.zahare@matthewszahare.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br>vs.<br><br>KODIAK RASPBERRY ISLAND REMOTE LODGE, INC., an Alaskan corporation; BIRCH and TIFFANY ROBBINS, husband and wife,<br><br>    Defendants. | Case No.: 3:14-cv-_____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff ACE American Insurance Company ("ACE"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment against Kodiak Raspberry Island Remote Lodge, Inc. and Birch and Tiffany Robbins, alleges as follows:

### I.    PARTIES

1. ACE is an insurance company incorporated in Pennsylvania and having its principal place of business in Pennsylvania. ACE is, therefore, a citizen of the State of Pennsylvania.

2. Birch and Tiffany Robbins (hereinafter the "Robbins") are individuals domiciled in Alaska. They are, therefore, citizens of the State of Alaska.

Complaint for Declaratory Judgment
*ACE American Insurance vs. Kodiak Raspberry Island Remote Lodge et al.* 3:14-cv-_____
AMZ:jlw/923-1/Complaint for Decl Judgment MZ     Page 1 of 6
Case 3:14-cv-00071-SLG    Document 1    Filed 04/10/14    Page 1 of 6

3. The Robbins are the sole owners and operators of "Kodiak Raspberry Island Remote Lodge, Inc." (hereinafter, the "Lodge"), a company incorporated in Alaska with a principal place of business in Kodiak, Alaska. The Lodge is, therefore, a citizen of the State of Alaska.

## II. JURISDICTION

4. This Court has jurisdiction by virtue of 28 U.S.C. §1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as Defendants are residents of this judicial district and a substantial part of the events giving rise to this action occurred in this district.

6. Pursuant to the Federal Declaratory Judgment Act, 18 U.S.C. §2201(a), this Court has the power to declare all rights, duties, and obligations under the relevant insurance policy, whether or not further relief is or could be sought.

## III. FACTS

**A. The Sinking of the "Gemini."**

7. The Lodge is a recreational facility located on Raspberry Island in the Kodiak Island Archipelago.

8. The Robbins and/or the Lodge own a 37-foot Maxweld aluminum catamaran cabin cruiser named the "Gemini," which vessel bears the identification number AAMRI322G303.

9. The Robbins use the Gemini throughout the year for transportation to/from Raspberry Island.

10. When not in use, the Gemini was tied to a mooring buoy in Muskomee Bay.

11. The Robbins last boarded the Gemini on or about December 14, 2013.

Complaint for Declaratory Judgment
*ACE American Insurance vs. Kodiak Raspberry Island Remote Lodge et al.* 3:14-cv- _____
AMZ:jlw/923-1/Complaint for Decl Judgment MZ  Page 2 of 6
Case 3:14-cv-00071-SLG   Document 1   Filed 04/10/14   Page 2 of 6

12. Sometime thereafter, the Gemini sunk to the bottom of Muskomee Bay, while still tied to the mooring buoy.

13. The Robbins reported the vessel missing on or about January 9, 2014.

**B. The Policy.**

14. ACE issued Recreational Marine Charter Policy No. SPC Y08360418 to "Kodiak Raspberry Island Remote Lodge" and "Birch and Tiffany Robbins," effective March 1, 2013 through March 1, 2014 (hereinafter, the "Policy"). The Policy is attached hereto as **Exhibit A** and incorporated by reference herein.

15. As pertains to the Gemini, the Policy contains property damage limits of $200,000 for the vessel.

16. As to property damage coverage, the Policy provides, in relevant part, as follows:

> **PART A: PROPERTY DAMAGE COVERAGE**
>
> **PERILS INSURED AGAINST: We** will provide coverage for accidental, direct physical loss or damage from any external cause to **your** insured vessel as well as salvage charges, except as specifically excluded in this policy.
>
> ***
>
> **EXCLUSIONS: We** do not provide coverage under Part A: Property Damage Coverage against loss or resulting damage from:
>
> a. wear and tear, gradual deterioration, weathering . . .
>
> ***
>
> d. manufacturer's defects or defects in designs.

17. The Policy defines the term "warranty" as:

> **Warranty** means an agreement in the policy or provided by law that must be strictly and literally complied with. A breach of warranty voids the insurance contract during the terms of such a breach.

18. The Policy contains the following relevant warranties:

> **LAY-UP WARRANTY:** Means a series of consecutive months during the policy period when **your** vessel is laid up and out of

Complaint for Declaratory Judgment
*ACE American Insurance vs. Kodiak Raspberry Island Remote Lodge et al.* 3:14-cv-_____
AMZ:jlw/923-1/Complaint for Decl Judgment MZ                                      Page 3 of 6
Case 3:14-cv-00071-SLG   Document 1   Filed 04/10/14   Page 3 of 6

commission. During this time **your** vessel must be laid up in a safe berth ashore or afloat, and not navigated or used for living aboard. All removable gear and equipment must be taken off the vessel and stored ashore.

**SEAWORTHINESS WARRANTY:** Warranted that, at inception of coverage and throughout the policy term, the vessel shall be in seaworthy condition, the insured shall exercise due diligence to keep the vessel seaworthy, and in all respects fit, tight, and properly manned, equipped and supplied.

19. As pertains to the Lay-Up Warranty, the Declarations Page of the Policy states:

It is warranted the vessel will be laid up for part of the year, the dates are: "From noon: 12/01 --- To noon: 05/30"

20. The Policy contains the following provision related to the Lay-Up Warranty:

**EXTENSION OF COVERAGE:** If the Navigation **Warranty** or the Lay-Up **Warranty** shown on the Declarations Page, are breached due to matters beyond **your** control, the policy will remain in effect, but only if **you** give **us** written notice of the breach within ten (10) days after the breach and pay any additional premium due **us** for this extension of coverage. If the Navigation **Warranty** or the Lay-Up **Warranty** are breached voluntarily, there shall be no coverage under this policy without both prior notice to **us** and approval by **us**.

21. As pertains to the Gemini, the Policy contains limits of $2,500 for personal property.

22. As to personal property, the Policy provides, in relevant part, as follows:

**PART G: PERSONAL PROPERTY COVERAGE**

**PROPERTY COVERED: We** will cover clothing, **fishing equipment** and personal effects that belong to **you**, **your** clients, or members of **your** family while these items are on board **your** vessel, or are being loaded or unloaded.

\*\*\*

**EXCLUSIONS: We** do not provide coverage under Part G: Personal Property Coverage against loss or resulting damage from:

    a. wear and tear, mechanical breakdown, gradual deterioration, weathering . . .

\*\*\*

Complaint for Declaratory Judgment
*ACE American Insurance vs. Kodiak Raspberry Island Remote Lodge et al.* 3:14-cv-_____
AMZ:jlw/923-1/Complaint for Decl Judgment MZ      Page 4 of 6
Case 3:14-cv-00071-SLG   Document 1   Filed 04/10/14   Page 4 of 6

d. manufacturer's defects or defects in design, or **latent defects**.

\*\*\*

**CAUSES OF LOSS WHICH ARE COVERED: We** will cover direct physical loss or damage from any external cause, except as specifically excluded in this policy.

### C. ACE's Investigation and Coverage Determination.

23. After receiving notice of the Gemini's sinking, ACE retained a marine surveyor to determine what caused the vessel to sink.

24. ACE issued a reservation of rights letter advising the Lodge and the Robbins of potential coverage issues.

25. The marine surveyor concluded that lack of maintenance, wear & tear, and gradual deterioration to the transom seals and other components of the vessel was the cause of the loss. The marine surveyor also concluded that the vessel had not been winterized and remained in use at the time of the sinking.

26. After completing its investigation, ACE denied the claim, based on the Policy's Seaworthiness Warranty and/or the Lay-Up Warranty, and/or the "wear and tear"/"gradual deterioration" exclusions.

### IV. CLAIM FOR DECLARATORY RELIEF

27. An actual and justiciable controversy exists between ACE and the Lodge/Robbins regarding the scope of coverage under the Policy's terms and applicable law.

28. Coverage for the claim is precluded based on the Seaworthiness Warranty.

29. Coverage for the claim is precluded based on the Lay-Up Warranty.

30. Coverage for the claim is precluded based on the "wear and tear" and/or "gradual deterioration" exclusions.

Complaint for Declaratory Judgment
*ACE American Insurance vs. Kodiak Raspberry Island Remote Lodge et al.* 3:14-cv-_____
AMZ:jlw/923-1/Complaint for Decl Judgment MZ                                     Page 5 of 6
Case 3:14-cv-00071-SLG   Document 1   Filed 04/10/14   Page 5 of 6

31. ACE has no obligation to provide coverage for any portion of the Lodge and/or the Robbins' claim arising out of the sinking of the Gemini.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ACE American Insurance Company respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court:

(a) Declare that coverage for the claim is precluded based on the Seaworthiness Warranty;

(b) Declare that coverage for the claim is precluded based on the Lay-Up Warranty;

(c) Declare that coverage for the claim is precluded based on the "wear and tear" and/or "gradual deterioration" exclusions; and

(d) Grant such other relief as the Court may deem just and proper.

Dated at Anchorage, Alaska, this 9th day of April 2014.

                MATTHEWS & ZAHARE, P.C.
                Lawyers for Plaintiff

                By: s/A. Michael Zahare
                    Alaska Bar No. 8411148
                    431 W. 7th Ave., Suite 207
                    Anchorage, AK 99501
                    Phone: (907) 276-1516
                    Fax: (907) 276-8955
                    mike.zahare.@matthewszahare.com

Complaint for Declaratory Judgment
*ACE American Insurance vs. Kodiak Raspberry Island Remote Lodge et al.* 3:14-cv-_____
AMZ:jlw/923-1/Complaint for Decl Judgment MZ          Page 6 of 6
Case 3:14-cv-00071-SLG   Document 1   Filed 04/10/14   Page 6 of 6